UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| JASON GRIFFITH, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 6: 07-442-DCR |
| ) | |
| V. ) | |
| ) | |
| EDDIE GIRDLER, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

*** *** *** ***

This matter is pending for consideration of the motion to dismiss the equal protection and substantive due process claims asserted against Defendant Eddie Girdler, in his individual and official capacity as Mayor of the City of Somerset, and Defendant City of Somerset. In addition, the Defendants ask that the Court decline to exercise supplemental jurisdiction over the Plaintiffs' pendant state law claim. [Record No. 30] For the reasons discussed below, the Court will grant the Defendants' motion to dismiss the equal protection and substantive due process claims. Additionally, the Court will decline to exercise supplemental jurisdiction over the state law claim.

**I.     Background**

Plaintiffs Jason Griffith, William Hunt, Brad Stevens, Allan Coomer, Jeff Sears and Randy Goff ("Plaintiffs") are current or former officers of the Somerset Police Department ("Department"). During the last mayoral election, the Plaintiffs actively campaigned for incumbent Mayor J. P. Wiles ("Wiles") in his bid for re-election against challenger Defendant

Eddie Girdler ("Girdler"). The Plaintiffs' campaign activities were done while they were off-duty, and Girdler was aware of their support of Wiles. [Record No. 1, p. 3–5]

According to the Plaintiffs' Complaint, after winning the election, Mayor Girdler set out to reward those in the Department who campaigned for him, and punish those who campaigned against him. More specifically, the Plaintiffs allege that Mayor Girdler rewarded his political supporters with promotions while he punished the Plaintiffs with demotions, firings, and the deactivation of the Department's Emergency Response Team. [*Id.*, pp. 5–6, 10] Based on these allegations, the Plaintiffs filed a Complaint against Mayor Girdler and the City of Somerset asserting the following causes of action: (1) deprivation of the constitutional right to free speech, substantive due process, and equal protection in violation of 42 U.S.C. § 1983 ("§ 1983"); (2) a state law violation of KRS § 95.470; and (3) respondent superior.[1] [*Id.*, pp. 11–18]

The Defendants contend that the Plaintiffs' equal protection claim fails is a matter of law. [Record No. 30, pp. 3–4] In addition, the Defendants argue that the Plaintiffs' substantive due process and equal protection claims are duplicative of their First Amendment claim and, therefore, should be dismissed for failing to state separate causes of action. [*Id.*, pp. 4–5] Finally, the Defendants argue that the Court should decline to exercise supplemental jurisdiction over the Plaintiffs' state law claim, "because the matter involves novel and complex issues of state law." [*Id.*, pp. 5–9]

The Plaintiffs dispute the Defendants' allegations that their substantive due process claim is duplicative of the First Amendment claim. Alternatively, they request that the Court refrain

---

[1] The Court has previously dismissed the whistleblower claim and all claims asserted against the Somerset Police Department. [Record No. 17]

from ruling on this issue at this time, and reconsider the issue in a motion for summary judgment filed after the close of discovery. [Record No. 35, pp. 4–5] The Plaintiffs also argue it is appropriate to exercise supplemental jurisdiction over the state law claim because the factual elements under the state and federal claims are the same or similar. [*Id.*, pp. 5–8] The Plaintiffs' response does not address the Defendants' allegation that the equal protection claim fails as a matter of law.

## II. Standard of Review

### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of all or part of a complaint if it fails to state a claim upon which relief may be granted. When reviewing a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the nonmoving party. *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008). Dismissal is only proper if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief. *Id.* (citations omitted). The nonmoving party has the burden of proof on this issue. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).

### B. Supplemental Jurisdiction

When a plaintiff pleads violations of the U. S. Constitution and the district court has jurisdiction over the federal claims pursuant to 42 U.S.C. § 1983, a district court also has supplemental jurisdiction to address additional state law claims related to the federal claims. 28 U.S.C. § 1367; *Voyticky v. Timberlake*, 412 F.3d 669, 675 (6th Cir. 2005). However, a district

court is not required to exercise supplemental jurisdiction and, in its discretion, it may decline to do so if the claim raises a novel or complex issue of state law. 28 U.S.C. § 1367(c)(1); *Olden v. Lafarge Corp.*, 383 F.3d 495, 500 (6th Cir. 2004).

**III. Analysis**

**A. The Equal Protection Claim Fails as a Matter of Law**

To state a claim under § 1983, the Plaintiffs must "set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or the laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (citations omitted). Here, the Plaintiffs claim that the "defendants have – through their free speech violations and retaliation – intentionally treated the plaintiffs differently from others similarly situated," in violation of the Equal Protection Clause of the Fourteenth Amendment. [Record No. 1, p. 13] Specifically, they allege that Girdler's political supporters were unjustly promoted while the Plaintiffs were not promoted or were demoted. [*Id.*, pp. 5–10] The Plaintiffs do not allege discrimination based on their status as members of a protected class, but rather allege that the Defendants "intentionally treated the plaintiffs differently from others similarly situated and there is no rational basis for the difference in treatment." [*Id.*, p. 13] Therefore, although not explicitly stated in the Complaint, the Plaintiffs raise a "class-of-one" equal protection claim. *See Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (noting that the Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment") (citations omitted).

The Defendants argue that the Plaintiffs' equal protection claim fails as a matter of law and must be dismissed. In support, they rely on *Engquist v. Or. Dep't of Agric.*, 128 S. Ct. 2146 (2008), in which the Supreme Court addressed whether the "class-of-one" theory applies in public employment settings. *Engquist*, 128 S. Ct. at 2148–49. In *Engquist*, the plaintiff was employed by the Oregon Department of Agriculture ("ODA"). After ten years of employment, the plaintiff was informed that her position was being eliminated because of departmental reorganization. After being found unqualified for the only other position at her pay level, and after declining to take a demotion, the plaintiff was laid off. She then brought a "class-of-one" equal protection claim against the ODA claiming that she was fired for "arbitrary, vindictive, and malicious reasons."[2] *Id.* at 2149. In affirming the opinion of the Ninth Circuit, the Supreme Court held that the class-of-one theory of equal protection does not apply in the public employment context. *Id.* As the Supreme Court explained:

> In short, ratifying a class-of-one theory of equal protection in the context of public employment would impermissibly constitutionalize the employee grievance. The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. Public employees typically have a variety of protections from just the sort of personal actions about which [the plaintiff] complains, but the Equal Protection Clause is not one of them.

*Id.* at 2157.

Here, all the Plaintiffs are or were employees of the Somerset Police Department. And they are not alleging discrimination based on their membership in a protected class. Under the

---

[2] The plaintiff also brought equal protection claims asserting that the defendants discriminated against her on the basis of her race, sex, and national origin. However, the district court granted summary judgment for ODA on the equal protection claims asserted on these bases.

holding in *Engquist*, the Plaintiffs cannot recover on their equal protection claim under the "class-of-one" theory. *See Garner v. City of Cuyahoga Falls*, No. 08-3312, 2009 U.S. App. LEXIS 3546, *14 (6th Cir. Feb. 23, 2009) (unpublished) (noting the fatal impact of *Engquist* on the "class of one" theory in public employment settings). Accordingly, the Court will grant the Defendants' motion to dismiss the equal protection claim asserted against them.

### B. The Substantive Due Process Claim is Duplicative

The Plaintiffs' two remaining § 1983 claims allege that the Defendants violated their right to free speech under the First Amendment and their right to substantive due process under the Fourteenth Amendment. [Record No. 1, pp. 11–13] The Defendants argue that the substantive due process claim is duplicative of the First Amendment claim and, therefore, the substantive due process claim should be dismissed. [Record No. 30, pp. 4–5] In support of this argument, the Defendants rely on *Brandenburg v. Hous. Auth. of Irvine*, 253 F. 3d 891 (6th Cir. 2001), in which the Sixth Circuit held that the district court correctly granted summary judgment to the defendant where the First Amendment retaliation and substantive due process claims arose out of the same events. *Brandenburg*, 253 F.3d at 899–900. In reaching this holding, the Sixth Circuit noted that "a cause of action cannot be based on substantive due process where a more specific constitutional provision is applicable." *Id.* at 900 (citing *Albright v. Oliver*, 510 U.S. 266 (1994) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these

claims.'")) (citation omitted). This same conclusion has also been reached by the First Circuit[3] and several district courts in this and in other circuits.[4]

Here, the Plaintiffs' First Amendment and substantive due process claims (at least as alleged in the Complaint) arise out of the Defendants' alleged retaliation because of the Plaintiffs' political support of the former mayor. The First Amendment claim in the Complaint asserts that:

> The defendants' actions, or ratifications of the actions of the defendants, impose an undue burden on the plaintiffs' right to freedom of speech by attempting to restrict their off-duty political activities, and then retaliating against them through ensuring their on-duty jobs were limited, restricted, and that there was absolutely no chance of promotion or advancement by placing political supports of the Mayor in positions to control and ensure the plaintiffs were punished and oppressed, all in violation of their Civil Rights and the First Amendment protection afforded by the United States Constitution.

[Record No. 1, p. 12] Similarly, the substantive due process claim in the Complaint alleges that the Defendants' violations of city ordinances and the Plaintiffs' constitutional rights "were done

---

[3] The First Circuit recently reaffirmed that when plaintiffs have asserted a substantive due process and a viable First Amendment claim for the very same conduct, "we have declined to 'enter the uncharted thicket of substantive due process to find an avenue of relief.'" *Ramirez v. Arlequin*, 447 F.3d 19, 25 (1st Cir. 2006) (quoting *Nestor Colon-Medina & Sucesores, Inc. v. Custodio*, 964 F.2d 32, 46 (1st Cir. 1992)).

[4] *See Marras v. City of Livonia*, No. 07-12562, 2007 U.S. Dist. LEXIS 80884, *7–8 (E.D. Mich. Nov. 1, 2007) (dismissing the plaintiffs' substantive due process claims where the allegedly unconstitutional actions fall under First Amendment protections); *Williams v. Luttrell*, No. 06-2777, 2007 U.S. Dist. LEXIS 81408, *22 (W.D. Tenn. Nov. 1, 2007) (dismissing as duplicative a substantive due process claim based on allegations of retaliation for exercising First Amendment rights); *Corales v. Bennett*, 488 F.Supp. 2d 975, 985 (C.D. Ca. 2007) (holding that a substantive due process claim based on a First Amendment violation "is duplicative of [the] First Amendment claim and is not actionable under the rubric of 'substantive due process'"); *Battiste v. Lamberti*, 571 F. Supp. 2d 1286, 1292, n.2 (S.D. Fla. 2008) (noting that because the First Amendment provides an explicit source of protection against violations of free speech rights, the First Amendment and not the more generalized right to substantive due process governs the constitutionality of the events"); *Kasprzycki v. DiCarlo*, 584 F. Supp. 2d 470, 478 (D. Conn. 2008) (holding that where a plaintiff asserts a First Amendment claim and a substantive due process claim based on the same events, "these events must be analyzed under the elements of a First Amendment retaliation claim and not the more general theory of substantive due process").

with the intent to deprive the plaintiffs of their Constitutionally guaranteed rights of Freedom of Speech and retaliation against them for their exercise of their Freedom of Speech for voicing opposition to the Mayor of the City of Somerset." [Record No. 1, p. 12–13]

Based on the allegations in the Complaint, the Plaintiffs' First Amendment and substantive due process claims arise out of the same set of facts. However, in their response brief, the Plaintiffs assert a different, and at times confusing, explanation of the basis for their substantive due process claim:

> The Plaintiffs put forth to this Court that the Plaintiffs are continuing to be subjected to the malicious treatment from their supervisors. The Plaintiffs are being singled out and investigated on unfounded and unsubstantiated claims of trivial misconduct. These investigations are being instigated by Doug Nelson as the acting Chief of Police of the Department. And while these claims have not resulted in any formal disciplinary action against the Plaintiffs yet, it is certainly [sic] can be inferred that these actions are likely a result of the Plaintiffs' actions in this lawsuit. The Plaintiffs[] have a "fundamental constitutional right of access to the courts" under the due process clause. *Bounds v. Smith*, 430 U.S. 817, 828 (1977).
>
> Furthermore, the Plaintiffs believe that the Substantive Due Process claims here stem from the Mayor's refusal to have appointments authorized by city council as is required pursuant to the [Somerset City Police Department's Policy & Procedure] Manual constitutes a violation of their Substantive Due Process rights.
>
> In the alternative, the Plaintiffs believe that, at this time, the issue of the duplicative nature of the Plaintiffs['] claims should be reserved until the tolling of the discovery period and subsequently reconsidered by the Court upon the filing of motions for summary judgment by the parties.

[Record No. 35, pp. 4–5] This new basis for a substantive due process claim is materially different from the basis of the claim alleged in the Complaint. In the Complaint, the Defendants allege that it was their exercise of their free speech rights that instigated the retaliation. However, in the response, the alleged reason for retaliation is the fact that the Defendants filed

this lawsuit. Essentially, this is a new, separate substantive due process claim, and the Plaintiffs have not made any motion for leave to amend their Complaint.

In summary, this case fits squarely within the holding of *Brandenburg*. The substantive due process claim alleged in the Complaint arises out of the same facts that give rise to the First Amendment claim. Because the First Amendment and substantive due process claims are duplicative, the Court will grant the Defendants' motion to dismiss the substantive due process claim.

### C. The Court Will Not Exercise Supplemental Jurisdiction Over the State Law Claim.

The Complaint contains a state law claim alleging violations of KRS § 95.470 which provides, in relevant part, that:

> (1) No person shall be appointed a member of the police or fire department . . . on account of any political service, contribution, sentiment or affiliation. No member shall be dismissed, suspended or reduced in grade or pay for any political opinion.
>
> (2) The appointment and continuance in office of members of the police or fire department shall depend solely upon their ability and willingness to enforce the law and comply with the rules of the department, and shall not be a reward for political activity or contribution to campaign funds.

KRS § 95.470. The Complaint alleges that Girdler "engaged in blatant and obvious violations of KRS § 95.470 by promoting those members of the City of Somerset Police Department who were 'politically loyal'" to him. [Record No. 1, p. 14] The Plaintiffs argue that Girdler's actions directly violated this statute, and that as a result of these promotions of others, the Plaintiffs have been prohibited from "advancing and enjoying the benefits of their years of service to the City of Somerset Police Department." [*Id.*]

The Defendants give four reasons why this Court should decline to exercise supplemental jurisdiction over this pendant state law claim. [Record No. 30, p. 5] First, they assert that KRS § 95.470 does not bar political promotions as Girdler is alleged to have done. Rather, they claim that the statute only prohibits appointments, dismissal, suspension, or reduction in grade or pay based on political opinion. [*Id.*, p. 6] Since the statute never references promotions, the Defendants argue that politically-motivated job promotions do not fall within the statute's scope. [*Id.*, pp. 6–7] (citing *Fiscal Court of Jefferson County v. Brady*, 885 S.W.2d 681, 685 (Ky. 1994) ("It is a primary rule of statutory construction that the enumeration of particular things excludes the idea of something else not mentioned.")). Second, the Defendants contend that the state law claim poses a novel state law issue. While this statute has only been cited three times, it has not been cited in the last forty years.[5] Also, the issue of whether KRS § 95.470 prohibits politically-motivated promotions has never been directly addressed. [*Id.*, p. 7] Third, the Defendants contend that KRS § 95.470 presents a complex issue of state law, because of its potential tension with KRS § 83A.130(3), which gives the mayor supervisory powers over all city officers. [*Id.* 7–8] Finally, the Defendants argue that a separation of powers issue exists, because "[a]lthough the Mayor needed to make personnel decisions and had the statutory authority to do so under KRS 83A.130(3), the Plaintiffs improperly rely on the [police] department policy to curb the Mayor's lawful authority to act." [*Id.*, pp. 8–9]

---

[5]   *See, Middlesborough v. Grubbs*, 363 S.W.2d 95 (Ky. 1962); *Kilburn v. Colwell*, 396 S.W.2d 803 (Ky. 1965); *Hopwood v. Paducah*, 424 S.W.2d 134 (Ky. 1968).

Conversely, the Plaintiffs respond that this Court should exercise supplemental jurisdiction over their state law claim because the state law and First Amendment claims arise out of the same set of facts. [Record No. 35, pp. 5–6] In addition, they argue that:

> Defendant's suggestion that this legal analysis involves a complicated balance between Mayor Girdler's powers under KRS 83A.130 and KRS 95.470 is exactly why this case is before the Court. Mayor Girdler believes that his position as major gives him a *carte blache* [sic] to reward his political supporters and a free pass to harm those who oppose him. Mayor Girdler reaches for KRS 83A.130 as a shield, yet there is clear statutory authority, KRS 95.470, piercing this armor. KRS 95.470 does not conflict with KRS 83A.130. It is not difficult for Mayor Girdler to understand he can not [sic] restructure the entire Department solely because he has some political favors to repay.

[*Id.*, p. 6]

The Plaintiffs' response discusses how Mayor Girdler's actions also violate KRS § 121.055 – Kentucky's prohibition against "vote buying" – which is something never alleged in the Complaint. [*Id.*, pp. 6–7] As discussed in the previous section, this is essentially a new cause of action and the Plaintiffs have not requested leave to add this claim via an amended complaint. Finally, the Plaintiffs contend:

> [T]he Defendants' contention that KRS 83A.130 presents too novel and complex a state issue for this Court ignores how these claims will nearly always inevitably come to light. Violations of KRS 83A.130 will always be brought in combination with a claim for violation of the First Amendment of the United States Constitution. KRS 83A.130 prohibits individuals from receiving political positions because of their political speech for one candidate and the First Amendment protects those who are passed up for these positions because they support the other candidate. A claim under KRS 83A.130 will only occur in conjunction with a First Amendment claim. And because this Court will always have original jurisdiction of claims under the United States Constitution pursuant to 28 USC § 1331, this Court will continue to have to deal with KRS 83A.130.

[*Id.*, p. 7]

-11-

There are several confusing aspects to this argument. First, the Court assumes that all references to KRS § 83A.130 are incorrect, and that the Plaintiffs mean to reference KRS § 95.470. It is the latter statute that prohibits politically motivated appointments, dismissals, suspensions, or reductions in pay or grade for police officers. However, KRS § 83A.130 only discusses the powers and duties of the mayor and council. Second, the Plaintiff provides no support for his allegation that violations of (presumably) KRS § 95.470 will only occur in conjunction with a First Amendment claim. As previously noted, the Court is aware of only three cases that have ever even mentioned KRS § 95.470 and *none* of them involved a First Amendment claim.

The Court agrees with the Defendants that the state law claim presents novel and complex issues better addressed by a Kentucky state court. The issue of whether KRS § 95.470 prohibits politically-motivated promotions of police officers has never been addressed, and there is a potential conflict between this statute and a mayor's authority under KRS § 83A.130. In addition, this Court will not need to interpret KRS § 95.470 in analyzing the Plaintiffs' only remaining federal claim. For a First Amendment retaliation claim, the Court need only analyze whether (1) the plaintiff was engaged in constitutionally protected speech, (2) the plaintiff was subjected to adverse action or was deprived of some benefit, and (3) the protected speech was "substantial" or a "motivating factor" in the adverse action. *Brandenburg*, 253 F.3d at 897. Whether Girdler's promotion of *other* officers violated KRS § 95.470 would, at best, be only tangentially related to this analysis.

In summary, the Plaintiffs' state law claim raises novel and complex issues of state law; specifically, (1) whether KRS § 95.470 applies to the promotion of officers, and (2) how KRS

§ 95.470 and KRS § 83A.130 work in conjunction with one another. Therefore, pursuant to 28 U.S.C. § 1367(c)(1), this Court will decline to exercise supplemental jurisdiction over the Plaintiffs' state law claim.

### IV. Conclusion

For the reasons discussed above, it is hereby **ORDERED** as follows:

(1) The Defendants' motion to dismiss the equal protection claim asserted against them [Record No. 30] is **GRANTED**;

(2) The Defendants' motion to dismiss the substantive due process claim asserted against them [Record No. 30] is **GRANTED**;

(3) Pursuant to 28 U.S.C. § 1367(c)(1), the Court **DECLINES** to exercise supplemental jurisdiction over the Plaintiffs' pendant state law claim.

This 8th day of April, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge