UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JASON GRIFFITH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 6: 07-442-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| EDDIE GIRDLER, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiffs Jason Griffith, William Hunt, Brad Stevens, Allan Coomer, Jeff Sears, and Randy Goff are Somerset police officers.  They allege they were subjected to adverse employment actions by Defendant Mayor Eddie Girdler because they supported Girdler's opponent, then-Mayor J. P. Wiles, during the 2006 Somerset mayoral election.  The only remaining cause of action is the Plaintiffs' First Amendment retaliation claim brought pursuant to 42 U.S.C. § 1983.

The Plaintiffs have now filed a motion for summary judgment.  This motion will be denied, however, because genuine issues of material fact exist regarding whether there is a causal link between the allegedly adverse employment actions and the Plaintiffs' exercise of their First Amendment rights.

-1-

**Legal Analysis**

To prevail on a summary judgment motion involving a § 1983 claim, a plaintiff must demonstrate that there are no genuine issues of material fact with regard to the following two elements: "(1) the deprivation of a right secured by the Constitution or the laws of the United States and (2) the deprivation was caused by a person acting under the color of law." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 463 (6th Cir. 2006) (citation omitted). To satisfy the first element, the Plaintiffs must demonstrate that there is are no genuine issues of material fact with regard to their claim of retaliation for exercising their First Amendment rights. A *prima facie* case of First Amendment retaliation is established by demonstrating that: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

In reviewing a motion for summary judgment, a court's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Barr v. Lafon*, 538 F.3d 554, 561 (6th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). In doing so, all evidence must be viewed in the light most favorable to the nonmoving party. *Id.* Generally, the moving party bears the burden to show that no genuine issues of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If a genuine issue of material

fact does exist, summary judgment is inappropriate.  *Barr*, 538 F.3d at 561.  A dispute over a material fact is "genuine" if a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.  Here, summary judgment is inappropriate, because a genuine issue exists regarding the causal link between the allegedly adverse employment actions and the Plaintiffs' political support of Wiles.

Assuming, *arguendo*, that the Plaintiffs were subjected to adverse employment actions by Girdler, they must still establish a causal link between these actions and their support of Wiles.  *Thaddeus-X*, 175 F.3d at 394.  To establish this causal link, the Plaintiffs "must point to specific, nonconclusory allegations" linking their campaigning to the adverse employment actions.  *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 144 (6th Cir. 1997).  Although a court may grant summary judgment on the issue of causation when warranted, *see Langford v. Lane*, 921 F.2d 677, 683 (6th Cir. 1991), "[o]rdinarily, causation is a question to be resolved by the jury."  *Bailey*, 106 F.3d at 145 (citing *Matulin v. Village of Lodi*, 862 F.2d 609, 613 (6th Cir. 1988)).  The Plaintiffs claim they have "clearly established" this causal link by pointing to circumstantial temporal evidence as well as hearsay statements attributed to Mayor Girdler. However, none of this evidence warrants granting the Plaintiffs' motion for summary judgment.

First, the Plaintiffs argue there is a strong temporal link between the Plaintiffs' campaigning for Wiles and the alleged adverse employment actions.  In support, they note that many of the alleged adverse employment actions occurred within Girdler's first week in office and others occurred within his first month.  While this is circumstantial evidence the jury could

consider, it is not so one-sided that the Plaintiffs would prevail as a matter of law.  *See Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

Second, the Plaintiffs claim that hearsay statements attributed to Mayor Girdler are even stronger proof of a causal link between the alleged adverse employment actions and the Plaintiffs' campaigning.  However, the Plaintiffs acknowledge that a genuine issue exists regarding whether Mayor Girdler actually made the statements attributed to him.  Their brief in support of summary judgment explains:

> The majority of these statements all came from Mayor Girdler as reported by two highly credible witnesses, [former police chiefs] Biggerstaff and Peek.  Even Mayor Girdler considers Biggerstaff and Peek "fine, honorable gentlemen."
>
> \*       \*       \*
>
> It should be noted that Girdler denies making many of the statements that Biggerstaff and Peek attribute to him.  Yet, Girdler's testimony which came after Biggerstaff and Peek's testimony, paints a story that no rational trier of fact could possibly believe.

[Record No. 66, p. 29] Thus, while acknowledging the existence of a genuine factual issue, the Plaintiffs essentially ask the Court to assess the credibility of Biggerstaff, Peek, and Girdler, and find that Girdler's version of the facts are too incredible to be believed.

All facts must be viewed in a light most favorable to Girdler, because he is the nonmoving party in this summary judgment motion.  *Anderson*, 477 U.S. at 249; *Barr*, 538 F.3d at 561.  Therefore, Girdler's assertions that he did not make the statements attributed to him and that the allegedly adverse employment actions were unrelated to the Plaintiffs' support of Wiles must be accepted as true.  In addition, it is well-established that a district court may not resolve issues of credibility in a motion for summary judgment.  *CenTra*, 538 F.3d at 412; (citing *Ctr. For Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007)).  Rather,

determining the credibility of witnesses is a task for the jury at trial.  *United States v. Beverly*, 369 F.3d 516, 532 (6th Cir. 2004).

**Conclusion**

Genuine issues of material fact exist regarding the causal link between the alleged adverse employment actions and the Plaintiffs' political support for Wiles.  Therefore, it is hereby

**ORDERED** that the Plaintiffs' motion for summary judgment [Record No. 66] is **DENIED**.

This 8th day of July, 2009.



Signed By:

*Danny C. Reeves*  DCR

United States District Judge